UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARA MACHIN,

 Plaintiff,

vs.

COSTA FARMS, LLC

 Defendant.
_____/

# **COMPLAINT**

 Plaintiff, MARA MACHIN ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, COSTA FARMS, LLC ("Defendant"), and alleges as follows:

 1. This is an action for declaratory and injunctive relief and damages pursuant to The Family Medical Leave Act (FMLA), and Florida Statute 741.313, to redress injuries resulting from Defendant's unlawful retaliatory treatment of Plaintiff.

 2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

 3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

 4. Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff began working for Defendant in March of 2016 as a purchasing agent and continued uninterrupted up and until the date of her termination.

6. During the first week of October of 2022 Plaintiff found out that her 14-year-old daughter had been sexually assaulted by the child's father.

7. Plaintiff informed the Human Resources Vice President, Elizabeth Gomez, about this situation and also that the father of her child was in custody and had two felony cases opened against him.

8. Plaintiff had a meeting with Elizabeth Gomez in person.

9. Plaintiff reported that she was having a hard time helping her daughter.

10. Plaintiff also added that she needed family leave to take care of her daughter, who had been diagnosed with post-traumatic stress disorder, panic disorder, and depressive episodes.

11. Therefore, her daughter needed to attend several medical appointments with psychiatrists and therapists.

12. Elizabeth Gomez did not mention to Plaintiff that FMLA or Florida Statute 741.313 afforded leave for Plaintiff.

13. From October 2022 to her termination Plaintiff did takes days off to see doctors for her daughter.

14. On October 7, 2022 Plaintiff reached out to Elizabeth Gomez for assistance with a form from the Coordinated Victims Assistance Center, an entity from the Miami-Dade County Community Action and Human Services Department, the form was for a victims compensation wage loss employment report.

15. Ultimately that form was given back to Plaintiff completed on November 14, 2022.

16. Then on November 30, 2022, Plaintiff was terminated for taking time off from work to take care of her child.

17. Defendant employed more than 50 employees on the date Plaintiff was terminated.

## COUNT I
### *Retaliation Under the FMLA*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. Plaintiff is an individual entitled to protection under the FMLA.

20. Plaintiff is an employee of Defendant within the meaning of the FMLA.

21. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

22. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

23. Defendant's actions constitute a violation of the FMLA.

24. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation Under the Florida Statute 741.313*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

26. Plaintiff is an individual entitled to protection under Florida Statute 741.313.

27. Plaintiff is an employee of Defendant within the meaning of Florida Statute 741.313.

28. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of Florida Statute 741.313.

29. Defendant retaliated against Plaintiff for exercising rights protected under Florida Statute 741.313.

30. Defendant's actions constitute a violation of Florida Statute 741.313.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    f. Adjudge and decree that Defendant has violated Florida Statute 741.313 and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    g. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for

      the unlawful employment practices described herein;

h. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

i. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

j. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____3/1/23_____

Respectfully submitted,

*s/ Elvis J. Adan*_____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000